**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
DARWYN M. MORREN,

          Plaintiff,

          -against-

NEW YORK UNIVERSITY, et al.,

          Defendants.

------------------------------------------------------------x

20-CV-10802 (JPC) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

The Court interprets ECF 40 as Plaintiff's request for leave to file a Second Amended Complaint. Plaintiff's request is **DENIED**. The briefing schedule entered on July 7 (ECF 38) remains in effect; Defendants' motions are due today, August 9, 2021.

On June 4, 2021, Plaintiff filed his First Amended Complaint "as a matter of course" pursuant to Fed. R. Civ. P. 15(a)(1). Following a status conference on June 9, 2021, this Court entered a briefing schedule to address Defendants' motions to dismiss Plaintiff's Amended Complaint (ECF 25). (ECF 29). On July 7, 2021, this Court granted Plaintiff's request for an adjournment for 31 days on all dates of the briefing schedule so Plaintiff could tend to his "health concerns." (ECF 38). In accordance with the schedule Plaintiff suggested, Defendants' motions are due by today, August 9, 2021. Nevertheless, Plaintiff attempted to file a Second Amended Complaint today, August 9, 2021, without the Court's leave or the consent of the opposing party. (Fed. R. Civ. P. 15(a)(2)). Indeed, Plaintiff presents no reason why this Court should grant him leave to amend his Complaint. (ECF 40). He simply attempted to file the Second Amended Complaint itself.

Fed.R.Civ.P. 15(a) provides that the Court should grant leave to amend "freely . . . when justice so requires." When exercising its discretion, a court must examine whether there has been undue delay, bad faith, or dilatory motive by the moving party. *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 46 (2d Cir.1983) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). A court must also examine whether there will be prejudice to the opposing party. *See, e.g., Ansam Assocs. Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir.1985). While the Court must grant pro se litigants "special solicitude" when seeking leave to amend, *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir.2006), without any explanation of why this Court should grant this request, this Court denies Plaintiff's request amend his Complaint, without prejudice.

**SO ORDERED.**

Dated: August 9, 2021  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge