UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARWYN M. MORREN,
                      Plaintiff,

           -v-

NEW YORK UNIVERSITY, *et al.*,
                      Defendant.

20-CV-10802 (JPO)

ORDER ADOPTING
REPORT AND RECOMMENDATION

J. PAUL OETKEN, District Judge:

      *Pro se* Plaintiff Darwyn M. Morren sues New York University and UCATS Local 3382 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*; the Labor Management Relations Act, 29 U.S.C. § 185; 42 U.S.C. § 1985; the Immigration Reform and Control Act of 1986, 8 U.S.C. § 1101 *et seq*; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, the New York City Human Rights Law, N.Y. City Admin. Code § 8-101 *et seq*; and New York Civil Rights Law § 79-n.  Plaintiff also brings claims for breach of contract and negligent infliction of emotional distress.  (*See* Dkt. No. 25 ("Am. Compl"); Dkt. No. 25-1 ("Pl.'s Memo") 4-14.)  Defendants have each moved to dismiss the amended complaint for failure to state a claim.  (*See* Dkt. No. 47 ("UCATS Mot."); Dkt. No. 53 ("NYU Mot.").)  In a report and recommendation, Magistrate Judge Ona T. Wang has recommended that Defendants' motions to dismiss be granted.  (*See* Dkt. No. 76 ("R. & R.") at 49.)

      Plaintiff objects to the report and recommendation only on the grounds that (i) he did not file a motion to amend his complaint; (ii) he did not receive Defendants' motions to dismiss; and (iii) UCATS Local 3882 did not process his grievances.  (*See* Dkt. No. 79 ("Pl.'s Objections") at

1

1-2.)  In reviewing a report and recommendation, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b).  In reviewing a *pro se* party's submissions, the court is "obligated to afford a special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), so such submissions are read "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).

Plaintiff's objections here are without merit.  Magistrate Judge Wang's report and recommendation concerns Defendants' motions to dismiss the amended complaint, not any motion to further amend the complaint.  (*See* R. & R. at 49.)  Defendants filed these motions on ECF, and Plaintiff had consented to the electronic service of court documents through ECF.  (*See* Dkt. No. 3.)  Finally, Plaintiff does not meaningfully contest that his claims against UCATS Local 3882 relating to the failure to process his grievances are time-barred.  Plaintiff brings a claim that UCATS breached its duty of representation, but a plaintiff has only six months to bring suit from the time he "knew or should have known of the breach of the duty of fair representation."  *White v. White Rose Food a Div. of DiGiorgio Corp.*, 128 F.3d 110, 114 (2d Cir. 1997).  Such a claim accrues "at the latest" by the date of a National Labor Relations Board ("NLRB") charge.  *Kovowras v. N.Y. Times Co.*, 328 F.3d 50, 55 (2d Cir. 2003).  Plaintiff filed an unfair labor practice charge with the NLRB on June 15, 2020.  (*See* Dkt. No. 49-5 ("NLRB Charge").)  In that charge, he alleged that UCATS failed to fairly represent him.  (*See id.* at 2.)  Plaintiff had until December 15, 2020, to bring suit, but he did not do so.  (*See* Dkt. No. 1 ("Compl").)  Accordingly, even if Plaintiff's allegations are true, his claim must be dismissed.

The remainder of the report and recommendation is adopted in full.  Where there is no objection, a district court reviews for clear error.  *See* Fed. R. Civ. P. 72(b), Advisory

Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Borcsok v. Early*, 299 F. App'x 76, 77 (2d Cir. 2008).  Magistrate Judge Wang's thorough and well-reasoned report presents no errors, clear or otherwise.

For the foregoing reasons, Plaintiff's objections are overruled and Judge Wang's Report and Recommendation (Dkt. No. 76) is ADOPTED in full.  Defendants' motions to dismiss are GRANTED.  Further, for the reasons explained by Judge Wang, Plaintiff is granted leave to amend his discrimination claims for hostile work environment and retaliation and his FMLA claims, provided that he must file a proposed second amended complaint repleading those claims within thirty days after the date of this order.

The Clerk of Court is directed to close the motions at Docket Numbers 47 and 53.

SO ORDERED.

Dated: May 25, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge

3